**Patricia OINES, individually and as Administratrix of Jennifer Oines's Estate, Plaintiff–Appellant,**

v.

**BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, Defendant–Appellee.**

No. 03–3478.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 23, 2004.[*]

Decided March 10, 2004.

Rehearing Denied April 12, 2004.

Philipp L. Rimmler, Buffalo, NY, for Plaintiff–Appellant.

Susan Dwyer, Herrick Feinstein, New York, NY, for Defendant–Appellee.

Before EASTERBROOK, MANION, and KANNE, Circuit Judges.

**Order**

This appeal grows out of the consolidated multidistrict litigation over alleged defects in Firestone tires and Ford SUVs

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

that has reached this court on several occasions, most recently *In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation,* 333 F.3d 763 (7th Cir. 2003). In this stand-alone proceeding, Patricia Oines contends that a defect in a Firestone tire caused her daughter Jennifer to lose control of the Ford Explorer she was driving. Jennifer died in the rollover, and Patricia seeks damages for herself and Jennifer's estate. The district court granted summary judgment to Firestone after concluding that no evidence in the record shows that any shortcoming in the tires caused the accident.

Patricia contends that the district judge erred by concentrating on the expert report proffered in this case, to the exclusion of the more comprehensive report prepared for the master litigation. Our review shows that the judge did not make that mistake. Taken in the light most favorable to Patricia, the expert report prepared for the master case shows that the line of Firestone tires has defects that led to an unduly high chance of failure. The problem, however, is that a *risk* of failure (which we take as established, given the posture of this suit) does not show that the risk came to pass in a given situation. Most auto accidents are caused by other things, including other mechanical problems, errors by the driver, and the negligence of other drivers. In order to get anywhere, Patricia had to show some reason to believe that problems in the tires played a causal role in the accident that took Jennifer's life. The district court found that the record lacks any evidence from which a reasonable jury could infer causation. That finding is unassailable.

John Otonoga, a passenger who survived the accident, told the police that Jennifer may have fallen asleep at the wheel. The police attributed the accident to "driver inattention" and noted that there were no skid marks on the pavement. No one suspected tire problems, and the tires were discarded in 1997 without inspection or testing. Patricia contends that under New York law (which the parties agree governs) this should not lead to an adverse inference. The district judge did not draw one. That the tires were not examined means, however, that there is no evidence from which reasonable jurors could find that they played any role, for no other evidence even hints that a tire failure occurred. The expert report in the master litigation does not imply, even when taken in the light most favorable to the plaintiffs, that, in every crash of a Ford Explorer equipped with Firestone tires, a defect in the tires was the most likely cause. Without such proof, it would be impossible to find by a preponderance of the evidence that a defect in the tires was, more likely than not, the cause of Jennifer's death. The district court therefore had no option other than to grant summary judgment for Firestone.

AFFIRMED